## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYMOND C. SHERIDAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) 10-40203-FDS |
| | ) |
| NASHUA HOUSING AUTHORITY, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons set forth below, the Court (1) grants the plaintiff's motion to proceed *in forma pauperis*; (2) directs the plaintiff to show cause why this action should not be dismissed; and (3) denies plaintiff's motions for a protective order and for counsel.

## I.       Background

On October 18, 2010, *pro se* plaintiff Raymond C. Sheridan, a resident of Worcester, filed a complaint and an application for leave to proceed *in forma pauperis* (Docket Nos. 1 and 4, respectively). Plaintiff also filed a motion for a "protective order" (Docket No. 2) and a motion for counsel (Docket No. 3).

Plaintiff's three-page complaint is somewhat confused. The named defendants are the Nashua Housing Authority and four of its employees. Plaintiff states that he resided in housing administered by the Nashua Housing Authority from March 2001 until January 2010. As best as can be determined from the allegations of the complaint, it appears that a dispute arose between

plaintiff and a new female neighbor in 2008; plaintiff alleges that the neighbor falsely claimed that he attempted to rape her and that he broke into her apartment and stole her food. The neighbor's complaints against plaintiff necessitated the involvement of the Nashua police department on numerous occasions. Plaintiff states that he complained to the defendants about the neighbor, but defendants did not relocate the neighbor or the plaintiff.

Plaintiff apparently filed legal action in New Hampshire against the neighbor and/or the Nashua Housing Authority, and initially received a protection order against the neighbor; it also appears that the New Hampshire court eventually dismissed the protection order along with plaintiff's case in its entirety.[1] Further, it appears from plaintiff's allegations that the Nashua Housing Authority subsequently brought an eviction action against him in New Hampshire state court. Plaintiff states that he was unable to obtain counsel to represent him in connection with his eviction, that the New Hampshire court denied his request for a continuance, and that ultimately he was wrongfully evicted from the property. It is not possible to determine conclusively from the complaint whether he appealed the outcome of either New Hampshire state court action, but it does not appear that he did.

In the present action, plaintiff now asks this Court to have *pro bono* counsel "look over the paperwork" from his eviction proceeding in order to "see if the plaintiff has a good case with a Jury or not." He seeks, among other things, liens or money damages against the defendants for failing to help him with respect to the dispute with the female neighbor, or in the alternative, he seeks an order directing defendants to "pay [his] rent for the rest of [his] life . . . ." (Complaint

---

[1] The complaint states that "The District Court Judge Dismissed the Protection Order as well. The Defendants refused to comply with my request to be subpoena in Court to validate or take any actions to relief/resolve problems" [sic]. (Complaint p. 2).

p. 3).

## II.    Analysis

### A.    Motion to Proceed *In Forma Pauperis*

It appears that plaintiff is disabled and unemployed.[2]  Upon review of the allegations contained in his application to proceed *in forma pauperis* (Docket No. 4), the Court will grant the application.

### B.    Preliminary Screening Pursuant to 28 U.S.C. § 1915

Because plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  That statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In conducting this review, the Court will liberally construe the complaint because the plaintiff is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### C.    Plaintiff's Complaint Is Subject to Dismissal

Construed generously, it appears that plaintiff is attempting to relitigate or appeal the judgment of the New Hampshire state court with respect to the initial dispute with the defendants and his neighbor and/or with respect to his eviction.  Such claims, however, cannot be brought in this Court.  Lower federal courts lack subject matter jurisdiction to review appeals of matters that

---

[2]  Attached to his complaint is a document from the Social Security Administration stating that plaintiff is disabled due to mental impairment(s) consisting of "schizophrenic, paranoid and other functional psychotic disorders."

have been litigated in state court proceedings, and may not review the civil judgments of state courts. *See Hill v. Town of Conway*, 193 F.3d 33, 39 (1st Cir. 1999); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts). For this reason, the complaint is subject to dismissal. Plaintiff, however, will be given 35 days in which to show cause why dismissal is not appropriate before the Court takes final action.

## III. Order

For the foregoing reasons,

(1)     The motion to proceed *in forma pauperis* (No. 4) is GRANTED;

(2)     Plaintiff is directed to show cause, in writing, within 35 days from the date of this Order, as to why this action should not be dismissed for the reasons stated above;

(3)     Plaintiff's motion for "protective order" (No. 2) is DENIED; and

(4)     Plaintiff's motion for counsel (No. 3) is also DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  November 30, 2010.

4